IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KEANA FULLWOOD,
    Plaintiff,

v.

FARMERS AUTOMOBILE
INSURANCE ASSOCIATION
D/B/A PEKIN INSURANCE
COMPANY,
    Defendant.

Case No. 1:24-cv-01230-JEH-RLH

**Order**

Now before the Court is Plaintiff Keana Fullwood's Motion to Stay Proceedings Pending Resolution of Rule 60(b) Motion (D. 30).[1]  For the reasons set forth, *infra*, the Motion is DENIED.

**I**

The Plaintiff filed her lawsuit on June 26, 2024, alleging various types of discrimination arising from her employment and subsequent termination.  Her original complaint (D. 1) was dismissed without prejudice after screening.  The Plaintiff thereafter filed an Amended Complaint (D. 9) in which she named her former employer Farmers Automobile Insurance Association d/b/a Pekin Insurance Company (Farmers) and 13 of its employees as defendants.  Upon the Court's screening of the Amended Complaint, the Plaintiff's Title VII, Americans with Disabilities Act (ADA), and Illinois Whistleblower Act claims against all the Defendants were dismissed with prejudice, and her Equal Pay Act, 42 U.S.C. §

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

1981, Illinois Equal Pay Act, defamation, and intentional infliction of emotional distress claims against all Defendants were dismissed without prejudice. The Plaintiff was allowed to proceed on the following three claims: retaliation under the Family Medical Leave Act (FMLA), violations under the Illinois Wage Payment and Collection Act, and retaliatory discharge against Defendant Farmers. 11/13/2024 Order (D. 12).

Defendant Farmers was thereafter served with summons and the Amended Complaint and filed its Answer and Affirmative Defenses (D. 18) on December 6, 2024. The Plaintiff filed a Motion for Reconsideration of Dismissal of Claims with Prejudice (D. 19), invoking both Federal Rule of Civil Procedure 59(e) and 60(b), which was denied on January 7, 2025. In its Order (D. 21) on the first Motion to Reconsider, the Court considered the motion under Federal Rule of Civil Procedure 60(b) because the Plaintiff's filing was after the deadline to do so pursuant to Rule 59. The Plaintiff filed a Motion for Reconsideration of Timeliness Ruling (D. 22) which was denied on January 22, 2025. In that Order (D. 23), the Court explained that even if it considered her first reconsideration motion timely under Rule 59(e), the Plaintiff's arguments had no merit and would not change the outcome of the November 13, 2024 Order. The Court went on to apply Rule 59(e) and explained that no argument included in the Plaintiff's first reconsideration attempt went unaddressed, and the Plaintiff failed to point to any argument that was brought only pursuant to Rule 59(e) and not heard. The Plaintiff filed a Notice of Appeal on February 21, 2025.

A Rule 16 scheduling conference was scheduled for June 27, 2025. The Court directed that a discovery plan be filed by June 24, 2025. On June 20, 2025 the Seventh Circuit Court of Appeals issued its Mandate (D. 27) dismissing the Plaintiff's appeal for lack of jurisdiction. On June 24, 2025, the Defendant filed its proposed Discovery Plan (D. 28); on June 25, 2025, the Rule 16 scheduling

conference was vacated and the Defendant's discovery plan was adopted; and on June 26, 2025, the Plaintiff filed the instant Motion to Stay. In her Motion, the Plaintiff states: without the appointment of counsel, she is unable to meaningfully litigate this case and does not wish to proceed without representation, and she has experienced significant ongoing health challenges that materially affect her ability to meet procedural deadlines and participate in litigation. She also:

> intends to file a comprehensive hybrid Rule 60(b) motion within days, seeking (1) relief from prior screening orders and partial judgment, (2) reinstatement of previously dismissed claims and individual defendants, (3) equitable tolling of Title VII claims due to EEOC-related delays and mental impairment, (4) appointment of counsel under 28 U.S.C. § 1915(e)(1) and the Americans with Disabilities Act, and (5) a temporary stay of proceedings.

(D. 30 at ECF p. 2).

## II

### A

The Seventh Circuit has "repeatedly held that district courts have broad discretion to manage their dockets." *A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass'n and Chi. Journeymen Plumbers' Loc. Union 130*, 562 F.3d 784, 790 (7th Cir. 2009). "Implicit in this basic principle is the authority to enforce local rules or practices that enable a district court to manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants." *Id*. Here, though a month has passed, the Plaintiff is yet to file the promised "within days" of June 26, 2025 Rule 60(b) motion. Pl.'s Mot. (D. 30 at ECF p. 2). That fact, in addition to the following, warrants the denial of the Plaintiff's Motion to Stay these proceedings.

This case was filed a year ago. Throughout that time, the Court has promptly and exhaustively addressed the Plaintiff's filings. It was only in the last

3

month that this case finally reached the discovery stage via the Court's adoption of the Defendant's discovery plan.  Even after two unsuccessful motions to reconsider and an unsuccessful appeal attempt, the Plaintiff again evinces her intent to challenge what has already been presented, entertained, and rejected in this case.  The contours of this case were set eight months ago, and yet the Plaintiff has persisted in challenging the same rulings over and over again.  As the Court said on January 22nd, "displeasure does not provide grounds for reconsideration of reconsideration of the second decision reviewing the viability of [the Plaintiff's] claims."  (D. 23 at ECF p. 4).  At this point, the Plaintiff wants to ask the Court to reconsider its reconsideration of something it already reconsidered and came out the same way each time (against the Plaintiff's preferences).  The foregoing clearly illustrates the Plaintiff's desire to stall this case rather than move it forward.  As the person who initiated these proceedings, the Plaintiff must participate in moving this case *forward*.  The Court will not countenance the Plaintiff's refusal to do so at this time via a stay.

At bottom, any additional Rule 60(b) motion would amount to rehashing. "Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited. Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The Plaintiff must now participate in discovery.  She risks dismissal of this case for failure to prosecute and comply with Court orders if she persists in stalling this case.

**B**

The Court construes the instant Motion to Stay in part as a renewed request for the appointment of counsel. 28 U.S.C. § 1915(e) provides that the Court may request an attorney to represent a person who is unable to afford counsel. 28 U.S.C. § 1915(e)(1). The Court cannot require an attorney to accept pro bono appointment on a civil case such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (*in forma pauperis* statute "does not authorize the federal courts to make coercive appointments of counsel[]"). Nevertheless, when faced with such a request for pro bono counsel, the Court must consider: 1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so; and if so, 2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Id*. at 654. Here, the Court previously determined the Plaintiff satisfied the first inquiry.

As for the second *Pruitt* inquiry, a plaintiff's "literacy, communication skills, educational level, [ ] litigation experience[,]" and intellectual capacity and psychological history, to the extent known, are relevant factors, though there are no "fixed requirements". *Id*. at 655; *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010). "[I]n the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655).

Here, the Court previously observed that the Plaintiff has been able to navigate the complaint process at the EEOC and the IDHR so far, and she has the ability to submit completed forms, a narrative, exhibits, and motions in this case. *See* 8/27/2024 Order (D. 6 at ECF p. 15). Since that time, the Plaintiff capably sought an appeal, and, most recently, clearly articulated her reasons for requesting a stay and revealed an understanding of how her case is *supposed* to progress at

this time. Three claims remain in this case, all of which do not appear too complex; the Plaintiff has amply shown she is competent to litigate this case herself, "especially when referencing the legal standards provided in [the Court's Orders as to her original complaint and Amended Complaint]." *Id*.

### III

For the reasons set forth, *supra*, the Plaintiff's Motion to Stay Proceedings Pending Resolution of Rule 60(b) Motion (D. 30) is DENIED. The Plaintiff must participate in this case or risk dismissal for failure to prosecute and comply with the Court's orders.

*It is so ordered.*

Entered on July 28, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE